**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

LISA CORBETT, et vir.

    Plaintiffs

v.

ELI LILLY & COMPANY, et al.

    Defendants

C.A. No.: 05-CA-0005730
Judge: Melvin R. Wright

\*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER TO COMPLAINT**

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

**FIRST DEFENSE**

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

**SECOND DEFENSE**

1. As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2. As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and



distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3. As to Count I, Paragraphs 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

4. As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

5. As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

6. As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES, or was previously a manufacturer of DES.

7. As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

8. As to Count III, Paragraphs 15, 16, 17, and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9. As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

10. As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.　As to Count V, Paragraph 24 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

12.　As to Count V, Paragraph 25 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiffs' recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiffs recovery in this case.

3

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

### ELEVENTH DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

### TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

### THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

### FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

### FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

### SEVENTEENTH DEFENSE

As to Count V of the Complaint, this is a joint cause of action which cannot be maintained in this case because at the time of the alleged injury, the Plaintiffs John

Corbett and Lisa Corbett, were not married and, therefore, are not entitled to maintain this cause of action.

WHEREFORE, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August, 2005, a copy of the foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

John Kuckelman, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108;

Michele R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004; *Attorneys for Eli Lilly & Company*

Sidney G. Leech